NOT DESIGNATED FOR PUBLICATION

Nos. 117,578

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LORI L. HALL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK, JR., judge. Opinion filed November 17, 2017. Affirmed.

Submitted for summary disposition pursuant K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Lori L. Hall appeals the revocation of her probation, as well as the district court's refusal to modify her sentence. We granted Hall's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48).

Hall pled no contest to one felony charge in January 2015. Hall was later sentenced to an underlying 30 months' imprisonment and was granted a dispositional departure of 18 months of probation. The district court also ordered Hall to serve 60 days in jail as a condition of probation.

In June 2015, the State filed a motion to revoke Hall's probation alleging that she failed to remain law abiding and failed to report. Hall stipulated to the alleged violations.

1

The district court revoked and reinstated Hall's probation while also extending her probation for an additional 18 months.

In January 2016, the State filed a second motion to revoke alleging that Hall failed to remain law abiding, failed to report, and failed to attend treatment. Hall stipulated to the alleged violations—including her conviction for a new crime in Shawnee County. The district court found that Hall had a new conviction and revoked her probation. She was ordered to serve her original sentence.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Generally district courts must impose graduated sanctions on defendants who have violated their probation. See K.S.A. 2016 Supp. 22-3716. But state law allows the district court to order a probation violator to serve his or her original sentence when the violator has committed a new crime while on probation. K.S.A. 2016 Supp. 22-3716(c)(8). Here, Hall stipulated to committing another crime while on probation. Based on the record on appeal, which includes a prior revocation for not remaining law abiding, the district court's decision to revoke Hall's probation was not arbitrary, fanciful, or unreasonable, nor was it based on an error of law or fact.

2

In addition, Hall argues that the district court abused its discretion by not modifying her sentence. In *State v. Reeves*, 54 Kan. App. 2d ___, 403 P.3d 655 (2017), *petition for rev. filed* October 2, 2017, a panel of this court found that upon the revocation of the defendant's probation, K.S.A. 2016 Supp. 22-3716(c)(1)(E) provides that the district court *may* order the defendant to serve the original sentence or any lesser sentence. "The use of the permissive term 'may' in the statute signals that the district court has discretion to either grant or deny a defendant's request for a lesser sentence." *Reeves*, 403 P.3d at 658. Thus, we review such a decision for an abuse of discretion. Other panels of this court have held that an appellate court lacks jurisdiction to review a defendant's request for a lesser sentence upon the revocation of probation, if the sentence originally imposed was a presumptive sentence under the revised Kansas Sentencing Guidelines Act (KSGA). See *State v. Weekes*, No. 115,739, 2017 WL 840280 (Kan. App. 2017) (unpublished opinion), *petition for rev. granted* October 12, 2017; *State v. Everett*, No. 111,168, 2015 WL 4366445 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. 1254 (2016). These panels have based that conclusion on K.S.A. 2016 Supp. 21-6820(c)(1), a provision in the revised KSGA which provides that an appellate court shall not review any sentence that is within the presumptive sentence for the crime.

We need not decide which analysis is correct, because under either one the result is the same. Here, the district court heard arguments for and against Hall's request for a lesser sentence. The district judge noted the short amount of time between the first revocation and the new offense and denied the motion to modify Hall's sentence. Given the facts of the case, this decision was not arbitrary, fanciful, or unreasonable. Thus, even if we are allowed to consider this argument as this court held in *Reeves*, we conclude the district court did not abuse its discretion in denying Hall's request for a lesser sentence upon the revocation of her probation.

Affirmed.